**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Luis | | Garcia |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the : __NORTHERN DISTRICT OF ILLINOIS__

Case Number _____
(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed

_____
_____

Official Form 113
# Chapter 13 Plan

12/17

### Part 1: Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ■ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☐ Included | ■ Not Included |

### Part 2: Plan Payments and Length of Plan

**2.1 Debtors(s) will make regular payments to the trustee as follows:**

$ __200.00__     per __month__  for __36__ months
Insert additional lines if necessary.
If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

Official Form 113    Record # 835933    Chapter 13 Plan    Page 1

| Debtor 1 | Luis | | Garcia | Case Number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

- ■ Debtor(s) will make payments pursuant to a payroll deduction order.
- ☐ Debtor(s) will make payments directly to the trustee.
- ☐ Other (specify method of payment): _____.

**2.3 Income tax refunds**

*Check one.*

- ■ Debtor(s) will retain any income tax refunds received during the plan term.
- ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
- ☐ Debtor(s) will treat income tax refunds as follows:
  _____
  _____

**2.4 Additional payments.**

*Check one.*

- ☐ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.
- ■ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

  Any proceeds received during the plan term from claims listed on Schedule B that are in excess of exemptions claimed on Schedule C shall be turned over to the Trustee, up to the amount necessary to pay all allowed claims in full. Said proceeds shall be added to the plan base.

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $ _____7,200.00_____ .**

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*

- ■ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

- ■ None. If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

- ■ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

**3.4 Lien avoidance.**

*Check one.*

- ■ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5 Surrender of collateral.**

*Check one.*

- ☐ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.
- ■ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| BMO Harris BANK NA | 2014 Hyundai Santa Fe with over 50,000 miles |
| Landmark Credit Union | 2015 Mitsubishi Lancer with over 74,000 miles |

Debtor 1  Luis _____ Garcia _____  Case Number *(if known)* _____
First Name   Middle Name   Last Name

| **Part 4:** | **Treatment of Fees and Priority Claims** |

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be __6.00__% of plan payments; and during the plan term, they are estimated to total $__432.00__.

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $____4,500.00__.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☒ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☒ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

| **Part 5:** | **Treatment of Nonpriority Unsecured Claims** |

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $_____.

☒ __10__% of the total amount of these claims, an estimated payment of $__1,499.80__.

☒ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $__0.00__. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** Check one.

☒ None. If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*

☒ None. If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

| **Part 6:** | **Executory Contracts and Unexpired Leases** |

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☒ None. If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

Debtor 1 ___Luis_____ _____ ___Garcia_____    Case Number *(if known)* _____
        First Name                Middle Name             Last Name

## Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon**

*Check the applicable box:*

- ☐ plan confirmation.
- ☒ entry of discharge.
- ☐ other: _____.

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☒ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signature(s):

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if must sign below.*

✘ **/s/ Luis Garcia, Jr.**
     **Luis Garcia, Jr.**

Date: 02/06/2020

✘ **/s/ Marc Adam Affolter**    Date: 02/10/2020
Signature of Attorney for Debtor

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Debtor 1   Luis _____ Middle Name _____ Garcia _____   Case Number *(if known)* _____
        First Name          Middle Name          Last Name

# Exhibit: Total Amount of Estimated Trustee Payments

*The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.*

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $ 0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $ 0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $ 0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $ 0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $ 4,932.00 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $ 1,499.80 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $ 0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $ 0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $ 0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* | $ 0.00 |
| | **Total of lines a through j** | $ 6,431.80 |